[No. A043084. First Dist., Div. Three. Dec. 13, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK EDWARD BROWN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

## COUNSEL

Rodger Paul Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BARRY-DEAL, J.—

I.

Frank Edward Brown appeals from the judgment of conviction after a jury found him guilty of vehicular manslaughter (Pen. Code, § 192, subd. (c)(1)), and of causing injury or death while attempting to elude police pursuit (former Veh. Code, § 2800.2 [now § 2800.3]).[1] He claims that the trial court erroneously denied his *Wheeler*[2] motion, and that his conviction under former section 2800.2 (now § 2800.3) is not supported by substantial evidence. We find that the Vehicle Code conviction is not supported by the evidence and must be reversed and dismissed. We reject appellant's claim of *Wheeler* error, and affirm the remainder of the judgment.

II. *Facts*

At approximately 1:35 p.m. on June 12, 1987, while stopped at an intersection in a marked patrol car, Officer Eva Wilson of the Richmond Police Department saw a white and blue Cadillac approaching the intersection, closely followed by a green coupe. The two cars were going faster than Officer Wilson thought safe, and when they reached the intersection, they made an illegal left turn. Officer Wilson turned on her overhead signal lights and followed the two cars. When Officer Wilson next saw the cars, the green car was still close behind the Cadillac, and both cars were speeding. Officer Wilson estimated their speed at 45 miles per hour, although the posted speed limit was 25 miles per hour. As Officer Wilson continued to follow the two cars, the green coupe turned away from the Cadillac at high speed and went down a side street. Upon observing the speed of the green car's turn, Officer Wilson decided to follow it rather than the Cadillac, and gave chase. As she caught up with the green car, she saw it had hit another car. She drove up and ordered the driver of the green car, who proved to be appellant, to get out. The car which appellant had hit was on its side, and two people appeared to be trapped in the wreckage. Later investigation revealed that appellant had run through a stop sign and hit the other car

---

[1] All further statutory references are to the Vehicle Code unless otherwise noted.

Former sections 2800.1 and 2800.2 were amended effective August 22, 1988, after appellant was sentenced; section 2800.1 was not changed, and former section 2800.2 was renumbered and amended. (See Stats. 1988, ch. 504, §§ 1 & 2, No. 3 Deering's Adv. Legis. Service, pp. 1754-1755.) None of the changes affect the case at bench.

[2] *People* v. *Wheeler* (1978) 22 Cal.3d 258, 276-277, 282 [148 Cal.Rptr. 890, 583 P.2d 748] (where prosecutor employs peremptory challenges systematically to exclude members of identifiable group, jury must be dismissed and new jury selected).

broadside, severely injuring the driver and flipping the car onto a sidewalk, where it crushed and killed a passing pedestrian. After telling a police officer that he had " 'tried to leave' " after he saw Officer Wilson " 'turn her lights on,' " appellant was arrested.

III.*

. . . . . . . . . . . . . . . . . . . . . .

IV. *Sufficiency of the Evidence*

■ Appellant next claims that his conviction of causing injury while evading police pursuit (former § 2800.2 [now § 2800.3]) must be reversed and dismissed for lack of evidence of an essential element of the offense. Respondent concedes the point, and we agree.

To prove violation of former section 2800.2 (now § 2800.3), the People must prove all the elements of section 2800.1, and in addition that the violation of section 2800.1 proximately caused death or personal injury to any person.[5] To prove violation of section 2800.1, the People must show (in addition to other elements) that the pursuing police vehicle "exhibit[ed] at least one lighted red lamp visible from the front. . . ." (§ 2800.1, subd. (a).) Appellant contends this element went unproven. He is correct. Officer Wilson testified that her police car was equipped to display three possible signal light options: one, a flashing amber light to the rear; two, blue and white lights blinking to the front and rear; and three, rotating red, blue, and white lights. Officer Wilson "activated [her] overhead signals," but did not remember whether they were in "the second or the third position." Freddie

---

*See footnote, *ante*, page 596.

[5] Section 2800.1 provides: "Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor if all of the following conditions exist: [¶] (a) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp. [¶] (b) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary. [¶] (c) The peace officer's motor vehicle is distinctively marked. [¶] (d) The peace officer's motor vehicle is operated by a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, and that peace officer is wearing a distinctive uniform."

Former section 2800.2 (now § 2800.3) provided: "Whenever willful flight or attempt to elude a pursuing peace officer in violation of Section 2800.1 proximately causes death or bodily injury to any person, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, by imprisonment in the county jail for not less than 30 days nor more than six months, or by a fine of not less than one hundred seventy dollars ($170) nor more than five hundred dollars ($500), or by both that fine and imprisonment." (Stats. 1982, ch. 947, § 3, p. 3433.)

Johnson, a bystander at the scene of the accident, testified that when he saw the police car, its lights were on. Layre Allen, another bystander, testified that the police car was displaying flashing lights. There was no testimony that established the color of the lights.

■ "The proper test to determine a claim of insufficient evidence in a *criminal case is whether, on the entire record, a rational trier of fact could* find appellant guilty beyond a reasonable doubt. [Citations.] In making this determination, the appellate court ' "must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." [Citations.] . . . "[O]ur task . . . is two-fold. First, we must resolve the issue in the light of the *whole record* . . . . Second, we must judge whether the evidence of each of the essential elements . . . is *substantial* . . . ." ' [Citation.]" (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110], quoting *People* v. *Johnson* (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255], with original italics.) However, where the proven facts give equal support to two inconsistent inferences, neither is established. (*People* v. *Allen* (1985) 165 Cal.App.3d 616, 626 [211 Cal.Rptr. 837].) ■ Here, the evidence established that Officer Wilson's lights were on, but not whether any of them were red.[6] Accordingly, we conclude that there was no evidence of an essential element of the offense, and reverse.

The judgment of conviction of violation of former Vehicle Code section 2800.2 is reversed and dismissed. As modified, the judgment is affirmed. The trial court shall correct the sentence and abstract of judgment accordingly.

White, P. J., and Strankman, J., concurred.

---

[6] We decline respondent's suggestion that we interpret the "red" lamp requirement of section 2800.1 to mean a lamp of any color which the defendant knows or should know indicates pursuit. If the words of a statute are clear, we will not seek hidden meanings. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1].) The word "red," at least when used to describe color, is clear and unambiguous; any change in the statute must be accomplished in the Legislature.