[No. B156429. Second Dist., Div. Eight. Jan. 9, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ENRIQUE ACEVEDO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 2. of Discussion.

**COUNSEL**

Robert Cooper, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Linda C. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RUBIN, J.**—Enrique Acevedo appeals from the judgment entered after a jury convicted him on one felony count of evading a pursuing police officer (Veh. Code, § 2800.2, subd. (a)) and of unlawfully taking a vehicle. (Veh. Code, § 10851, subd. (a).) For the reasons set forth below, we reverse the judgment as to the felony evading count and remand for resentencing on the remaining count.

## FACTS AND PROCEDURAL HISTORY[1]

On the night of October 3, 2001, defendant and appellant Enrique Acevedo was spotted driving a car that had been reported as stolen. A high-speed chase through city streets ensued, ending with a foot pursuit by police officers and Acevedo's eventual arrest.[2] Acevedo was charged with and convicted of two counts: (1) felony evasion of a pursuing police officer (Veh. Code, § 2800.2, subd. (a)); and (2) the unlawful taking of another's car. (Veh. Code, § 10851, subd. (a).)[3]

■ At issue here is whether there was sufficient evidence to establish one of the necessary elements of the evasion charge—that the pursuing police car was exhibiting at least one red lamp that was visible from the front of the car. (§§ 2800.1, subd. (a)(1), 2800.2, subd. (a).) The only evidence on this point came from the police officer who drove the lead pursuit vehicle. According to that officer, he "activated [his] overhead emergency lights with the siren."[4] Acevedo contends this evidence was insufficient. He also contends that the court erred by instructing the jury with CALJIC No. 17.41.1.

## DISCUSSION

### 1. *Felony Evasion Charge*

Any person, who, while driving a car, intentionally flees from or tries to elude a pursuing police car, is guilty of a misdemeanor. (§ 2800.1, subd. (a).) The offense becomes a felony when the defendant drives in a willful or wanton manner with disregard for the safety of persons or property. (§ 2800.2, subd. (a).) The prosecution must prove that the police car was distinctively marked (§ 2800.1, subd. (a)(3)), was sounding a siren as may be reasonably necessary (§ 2800.1, subd. (a)(2)) and was "exhibiting at least one lighted red lamp visible from the front" which the defendant either saw or reasonably should have seen. (§ 2800.1, subd. (a)(1).) The prosecution must prove each statutory element—the corpus delicti—beyond a reasonable

---

[1]In accord with the usual rules on appeal, we state the facts in the manner most favorable to the judgment. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].)

[2]Acevedo was found hiding under a car. He testified that he happened to be in the area when he heard the sirens of the pursuing police cars. Because he was in violation of the terms of his parole, he ran and hid.

[3]Acevedo received a two-year sentence on the felony evading count (Veh. Code, § 2800.2), an eight-month sentence on the auto theft count (Veh. Code, § 10851, subd. (a)), and a one-year sentence enhancement pursuant to Penal Code section 667.5. All further undesignated section references are to the Vehicle Code.

[4]The officer also testified that he "activated my overhead lights" and affirmed that he "waited to activate [his] lights."

doubt. Our task is to review the entire record in search of substantial evidence. When the facts give equal support to two competing inferences, neither is established. (*People v. Brown* (1989) 216 Cal.App.3d 596, 599-600 [264 Cal.Rptr. 908] (*Brown*).)

*Brown* is the only reported decision to construe the red light requirement of section 2800.1 In that case, the pursuing officer testified that her squad car was capable of displaying three possible light signals, depending on which switch was activated: a flashing amber light to the rear, blinking blue and white lights to the front and rear, or rotating red, blue and white lights. The officer recalled that she "activated [her] overhead signals" but could not recall which ones. Bystander witnesses testified that the squad car's lights were on at the time. As the *Brown* court observed, "[t]here was no testimony that established the color of the lights." (*Brown, supra,* 216 Cal.App.3d at p. 600.) Because the evidence gave equal support to two inconsistent inferences, neither had been established and the court held there was insufficient evidence to establish that the pursuing car displayed a red light, as required by the statute. (*Ibid.*)

Acevedo relies on *Brown* to show there was no evidence that the lights atop the pursuing police car were red. Respondent tries to distinguish *Brown,* contending: (1) unlike *Brown,* there was no evidence of different colored lights; (2) the police officer here did not testify he was unsure which colored light he activated; and (3) the officer testified that he turned on his emergency lights and the term "emergency" is virtually synonymous with the use of red lights. Respondent extracts the latter conclusion from section 165, subdivision (b)(1) which requires all emergency vehicles, including police cars, to have at least one steady, visible red lamp, and from section 25252, which permits additional red lights to be positioned around emergency vehicles.

Respondent's reliance on these provisions appears to rest on the presumption that an official duty has been regularly performed.[5] (Evid. Code, § 664.) This is a presumption affecting the burden of proof (see Evid. Code, § 660) which, in a criminal case, operates only if the facts giving rise to the presumption have been found or otherwise established beyond a reasonable doubt. (Evid. Code, § 607.) The jury should also be instructed on the applicability of the presumption. (See Assem. Com. on Judiciary, com. reprinted at 29B pt. 2 West's Ann. Evid. Code (1995 ed.) foll. § 607, p. 69.)

---

[5] We use the term "appears" because respondent has not expressly said so or put forth argument and authority to support such a contention. If respondent intended to raise that point, we alternatively deem it waived. (*People v. Sangani* (1994) 22 Cal.App.4th 1120, 1135-1136 [28 Cal.Rptr.2d 158].)

This issue was never raised below. Because the jury here was not told about the statutory duty to install red lights on emergency vehicles, reliance on the presumption is improper.

Respondent also points to the prevalence of televised police chases, which depict flashing red lights atop pursuing patrol cars. Based on this, respondent contends the jury could rely on its common knowledge to find that the patrol car chasing Acevedo had a red light turned on. This argument is also flawed. First, as with the Evidence Code section 664 presumption, respondent has not fully articulated the argument and has cited no supporting authority, leading us to deem the issue waived.[6] (*People v. Sangani, supra,* 22 Cal.App.4th at pp. 1135-1136.) Second, while we agree it is common knowledge that police patrol cars carry red lights, it is equally well known that police cars display different colored lights. (See §§ 25258, 25259 [amber, white or blue lights permitted].) Therefore, the jury's common knowledge arguably gives rise to the competing inferences of different colored lights which called for a reversal in *Brown.*

In short, the prosecution simply failed to close a sizable evidentiary gap mandated by the terms of the statute Acevedo allegedly violated. It is a gap that could have been easily bridged: when the officer testified about activating his lights, he could have been asked one or two more questions to verify that the lights he was talking about satisfied the statutory visibility requirements.[7] (See *People v. Francisco* (1964) 228 Cal.App.2d 355, 360, and fn. 2 [39 Cal.Rptr. 503] [proof that county jail prisoner charged with escape had been in legal custody held insufficient to prove other statutory requirement

---

[6](See *People v. Love* (1961) 56 Cal.2d 720, 732 [16 Cal.Rptr. 777, 366 P.2d 33], disapproved on other grounds by *People v. Morse* (1964) 60 Cal.2d 631, 637, fn. 2 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810] [judicial notice by a jury is more limited than judicial notice by the court and is restricted to matters of common human experience or well known laws of natural science].)

[7]Although *Brown* is the only reported decision to construe the red light requirement of section 2800.1, other courts have considered evidentiary disputes in a similar context—under former section 454 (now § 21055) which exempts government emergency vehicles from complying with traffic regulations when responding to an emergency and displaying red lights. (*Raynor v. City of Arcata* (1938) 11 Cal.2d 113 [77 P.2d 1054] [fire chief testified red light on his car was flashing]; *Poggetto v. Owen* (1960) 187 Cal.App.2d 128, 131-132 [9 Cal.Rptr. 395] [where witnesses testified they saw no red light on pursuing police motorcycle, testimony by one witness that light was on and evidence concerning the existence of red lights and how they functioned created conflict in evidence under former § 454]; *Stucker v. McMains* (1945) 71 Cal.App.2d 35, 40 [161 P.2d 997] [undisputed testimony by police officer that red lights were on and were still burning after collision conclusively established required display of red lights]; see *Pittman v. Lieffring* (1973) 59 Wis.2d 52, 59-61 [207 N.W.2d 610, 613] [evidence described how red light in firefighter's car functioned, that it worked a few days before collision with other car, and that firefighter heard audible clicking signal inside passenger cabin, telling him light was on at time of accident; evidence sufficient to support finding red light had been on].)

that he also had been booked, charged with or convicted of a crime; appellate court refused to "pil[e] . . . presumption upon presumption" that official duty was performed or to "place a premium upon the district attorney's indolence. Any relaxation of a rule requiring proof of the corpus delicti would be a dangerous precedent[,]" especially when proof of the missing element could have been so easily supplied (Fn. omitted.)].)

We therefore reverse the judgment as to the count under section 2800.2, but do so reluctantly.[8] It has been suggested that section 2800.1's requirement of a clearly identifiable police car was designed to protect the public from being forced to stop by police impersonators. (*People v. Estrella* (1995) 31 Cal.App.4th 716, 723, fn. 4 [37 Cal.Rptr.2d 383] [construing requirement that pursuing police vehicle have been distinctively marked].) If so, that purpose was more than satisfied here. As the jury found, Acevedo stole someone's car, then took off in that car at high speed when pursued by two marked police cars, one of which had sounded its siren. After ditching the car, he ran for some distance until he was finally found hiding beneath a parked car. His guilt—his intentional act of fleeing his police pursuers—therefore seems abundantly clear.

As respondent notes, the televised police chase has become a staple of local news fare. They are dangerous spectacles, putting not just pursuer and pursued at risk, but innocent bystanders as well. The Legislature may consider it appropriate to revisit this statute and consider an amendment that will permit a conviction in circumstances such as this, where there could be no doubt that the defendant knew he was being pursued by the police.[9] (Accord, *People v. Chicanti* (1999) 71 Cal.App.4th 956, 961-962 [84 Cal.Rptr.2d 1] [when construing requirement in § 2800.2 that the pursuing police car be "distinctively marked," held that pursuit by a traditional "black and white" squad car is not always necessary; instead, all the circumstances should be considered to determine whether there is substantial evidence to show that the pursuit vehicle was sufficiently marked to inform any reasonable person he was being chased by a police car].)

---

[8]We asked for and received supplemental briefing from the parties concerning whether Acevedo effectively conceded at trial the elements of the section 2800.2 charge (other than identity). (*People v. Peters* (1950) 96 Cal.App.2d 671 [216 P.2d 145].) After considering those briefs, and upon further review of the record, we conclude that the record is too ambiguous to permit application of that doctrine.

[9]We can also imagine other scenarios where someone could escape liability under section 2800.1 or 2800.2 because the red light atop a pursuing police car malfunctioned or became damaged during the pursuit.

2. *CALJIC No. 17.41.1\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

For the reasons set forth above, the judgment is reversed as to only the conviction under Vehicle Code section 2800.2 and the matter is remanded for resentencing under Vehicle Code section 10851, subdivision (a). In all other respects, the judgment is affirmed.

Cooper, P. J., and Boland, J., concurred.

---

*See footnote, *ante*, page 195.