[No. B165445. Second Dist., Div. Five. Mar. 30, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ALAN SHAKHVALADYAN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of: the headings for parts III.A. and III.A.1.; parts III.A.2. through III.A.3., including the headings; and parts III.B. through III.D., including the headings.

COUNSEL

A. William Bartz, Jr., and Carl A. Capozzola for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Alan Shakhvaladyan, appeals from his convictions for: false personation, count 1 (Pen. Code,[1] § 529); evading a pursuing officer with willful or wanton disregard for the safety of persons or property, count 2

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(Veh. Code, § 2800.2); carrying a loaded firearm, count 4 (§ 12031, subd. (a)(1)); and firearm possession, count 5 (§ 12021, subd. (a)(1)). Defendant admitted that he had previously been convicted of two serious felonies. (§§ 667, subds. (b)–(i), 1170.12.) Defendant argues there was insufficient evidence to support his convictions as to counts 1, 2, 4, and 5; his prior juvenile adjudication for attempted robbery does not qualify as a prior serious felony conviction pursuant to sections 667, subdivision (d)(3) and 1170.12, subdivision (b)(3); the trial court abused its discretion in refusing to strike one of his prior serious felony convictions; and the trial court erred in the calculation of his presentence credits. The Attorney General argues that defendant received an excessive award of presentence credits and the trial court should have imposed and stayed a $1,000 parole restitution fine pursuant to section 1202.45. In the published portion of this opinion, we conclude that there was insufficient evidence to support defendant's felony conviction for evading a peace officer in violation of Vehicle Code section 2800.2 as charged in count 2. As will be noted, we reverse the judgment in part and remand for purposes of limited resentencing.

## II.   FACTUAL BACKGROUND

We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318–319 [61 L.Ed.2d 560, 99 S.Ct. 2781]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908–909.) Because defendant stipulated to submit this case on the testimony contained in the preliminary hearing transcript, the facts are derived from that proceeding. On April 6, 2001, Glendale Police Officer Ronald Gillman arrested defendant for false impersonation following an investigation regarding a school fight. Defendant falsely identified himself as Saro Mirzkhanyan, but could not spell the name. While en route to the police station, defendant identified himself as Roman Tsarukyan. Defendant was subsequently accurately identified by his fingerprints.

On April 17, 2001, Glendale Police Officer David Gillispi cited defendant for being a passenger in an automobile without wearing a seatbelt. Defendant gave Officer Gillispi a thumbprint. However, defendant falsely gave the driver's license number and name of Saro Mirzkhanyan. Thereafter, on April 24, 2001, Mr. Mirzkhanyan filed a report indicating he was the victim of identity theft. Mr. Mirzkhanyan did not know defendant. Detective John Genna followed up on the identity theft investigation. On May 24, 2001, Detective Genna asked Officer Gillispi to review a photographic lineup in an

attempt to identify the individual that used Mr. Mirzkhanyan's name. Officer Gillispi identified defendant's photo. Defendant was also identified as the person cited by the thumbprint he submitted on April 17, 2001.

On May 7, 2001, Glendale Police Officer Jon Harrison was working as a traffic enforcement officer on a motorcycle. While riding on Lexington Avenue, Officer Harrison saw a Mazda Protege. The driver of the Mazda appeared to be violating the seatbelt and window tinting laws. Officer Harrison made a right turn followed by a U-turn. Officer Harrison pulled up behind the Mazda and activated his emergency front red and blue strobe lights and one solid red light. Officer Harrison attempted to pull the car over. The driver turned right and slowed the Mazda toward the right curb. Officer Harrison believed the driver was going to pull to the right curb to stop. However, the driver suddenly accelerated and drove off. Officer Harrison followed the Mazda, which was fleeing at speeds exceeding 60 miles per hour. After turning right again, the driver moved to the left of stopped traffic at the next intersection and drove straight ahead through the red light. Officer Harrison lost sight of the Mazda for a few seconds. Thereafter, Officer Harrison saw the Mazda make a jogging movement to the right of stopped traffic under a freeway overpass. The Mazda passed the other automobiles on the right in an extended lane. The Mazda stopped abruptly when it collided with another automobile. Defendant ran from the Mazda. Officer Harrison, who was riding a motorcycle, followed defendant. Officer Harrison ordered defendant to stop. Defendant ran into the bushes alongside the freeway. Officer Harrison got off his motorcycle. Officer Harrison again ordered defendant to stop. Defendant came out of the bushes. Defendant had his hand in front of his waistband as though he was attempting to conceal something. Thereafter, Officer Harrison tackled and handcuffed defendant. Officer Gillispi arrived at the scene and helped place defendant into a patrol car. As soon as other officers took custody of defendant, Officer Harrison went to the bushes where defendant had been running. Officer Harrison found a handgun in the bushes. Officer Gillispi retrieved the handgun from the bushes. The handgun had a bullet in its chamber and a partially loaded magazine. The gun was later discovered to have been stolen from a deputy sheriff's car in April 1996.

At the time defendant was booked, a search of his person revealed four credit cards in his front pants pocket. The cards were subsequently determined to either be counterfeit or reencoded. When questioned, defendant said he had found the credit cards on a table outside McDonald's on the day he was arrested. Defendant had previously been convicted of robbery and theft in Nevada.

## III. DISCUSSION

III. A. 1.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Defendant argues that there was insufficient evidence to support his conviction for felony evading a pursuing officer in violation of Vehicle Code section 2800.2, as charged in count 2. Vehicle Code section 2800.2, provides in pertinent part: "(a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison . . . ." Vehicle Code section 2800.1 sets forth the elements of flight from a pursuing peace officer: "(a) Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor if all of the following conditions exist: [¶] (1) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp. [¶] (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary. [¶] (3) The peace officer's motor vehicle is distinctively marked. [¶] (4) The peace officer's motor vehicle is operated by a peace officer . . . and that peace officer is wearing a distinctive uniform . . . ."

■   In reviewing a challenge of the sufficiency of the evidence, we apply the following standard of review: "[We] consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt." (*People v. Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388], fn. omitted; *People v. Hayes* (1990) 52 Cal.3d 577, 631 [276 Cal.Rptr. 874, 802 P.2d 376]; *People v. Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738].) Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia, supra,* 443 U.S. at pp. 318–319; *People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374]; *People v. Marshall* (1997) 15 Cal.4th 1, 34 [61 Cal.Rptr.2d 84, 931 P.2d 262]; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]; *People v. Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]; *Taylor v. Stainer, supra,* 31 F.3d at pp. 908–909.) The standard of

*See footnote, *ante,* page 232.

review is the same in cases where the prosecution relies primarily on circumstantial evidence. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618]; *People v. Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481]; *People v. Bloom* (1989) 48 Cal.3d 1194, 1208 [259 Cal.Rptr. 669, 774 P.2d 698]; *People v. Bean* (1988) 46 Cal.3d 919, 932 [251 Cal.Rptr. 467, 760 P.2d 996].) The California Supreme Court has held, "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin, supra,* 18 Cal.4th at p. 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

Defendant argues that there was no evidence to establish: the motorcycle was distinctively marked; Officer Harrison sounded a siren on his motorcycle; and Officer Harrison wore a distinctive uniform. To begin with, the contention there is no substantial evidence Officer Harrison's motorcycle was distinctively marked is without merit. Defendant argues that the only evidence presented in this regard was that Officer Harrison activated red and blue lights on the motorcycle. In *People v. Chicanti* (1999) 71 Cal.App.4th 956, 961–963 [84 Cal.Rptr.2d 1], we held that evidence of the use of emergency lights and or a siren during a traffic pursuit was sufficient to establish the Vehicle Code section 2800.1, subdivision (a)(3) requirement that the peace officer's motor vehicle be distinctively marked. (See also *People v. Mathews* (1998) 64 Cal.App.4th 485, 488–490 [75 Cal.Rptr.2d 289] ["red lights, siren, and wigwag headlights [on an unmarked police car] were sufficiently distinctive markings to inform any reasonable person he was being pursued by a law enforcement vehicle"]; *People v. Estrella* (1995) 31 Cal.App.4th 716, 722–723 [37 Cal.Rptr.2d 383] [police car need not have a visible insignia or logo to find it is distinctively marked within the meaning of section 2800.1].) In this case, the evidence demonstrated Officer Harrison, while assigned to traffic enforcement on a motorcycle, made a U-turn and drove up behind defendant. Officer Harrison activated his "front" red and blue strobe lights and a fixed red light and attempted to pull the Mazda over. Thereafter, it appeared that defendant was complying by pulling toward the right curb. Defendant then drove away in an effort to evade Officer Harrison. The totality of these facts constituted substantial evidence Officer Harrison's motorcycle was distinctively marked.

■ However, there was no substantial evidence that a siren was sounded or that Officer Harrison wore a uniform. Section 2800.1, subdivision (a)(2) requires the officer be using a siren. Section 2800.1, subdivision (a)(4) requires the officer be in a "distinctive uniform." Substantial evidence of all the conditions set forth in Vehicle Code section 2800.1, subdivision (a) must be presented in order to satisfy the felony provisions of Vehicle Code section 2800.2. (See *People v. Acevedo* (2003) 105 Cal.App.4th 195, 198–199 [129 Cal.Rptr.2d 270]; *People v. Chicanti, supra,* 71 Cal.App.4th at p. 960;

*People v. Brown* (1989) 216 Cal.App.3d 596, 599 [264 Cal.Rptr. 908].) The evidence presented at the preliminary hearing did not include any reference to the fact that either a siren was activated or that Officer Harrison wore a distinctive uniform. As a result, the conviction on this charge must be reversed and count 2 dismissed. (*Burks v. United States* (1978) 437 U.S. 1, 14–15 [57 L.Ed.2d 1, 98 S.Ct. 2141]; *People v. Hill* (1998) 17 Cal.4th 800, 848 [72 Cal.Rptr.2d 656, 952 P.2d 673].)

Defendant remains subject to sentences on three counts. We agree with the Attorney General that defendant should be resentenced on those three counts. Defendant received a total sentence of 25 years to life consecutive to a determinate term of two years, eight months. Our reversal of the count 2 judgment means the indeterminate 25 years to life sentence will be reversed. After the remittitur issues, the trial court is free to impose any sentence it deems appropriate so long as it does not exceed that previously entered at the initial sentencing hearing. (*People v. Craig* (1998) 66 Cal.App.4th 1444, 1448, 1452 [78 Cal.Rptr.2d 659] see *People v. Hanson* (2000) 23 Cal.4th 355, 367 [97 Cal.Rptr.2d 58, 1 P.3d 650].) We agree with the trial court though, that section 654, subdivision (a) bars multiple sentencing on the weapons charges in counts 4 and 5. (*People v. Bradford* (1976) 17 Cal.3d 8, 22 [130 Cal.Rptr. 129, 549 P.2d 1225]; *People v. Rowland* (1999) 75 Cal.App.4th 61, 64 [88 Cal.Rptr.2d 900].)

III. A. 2.–III. D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV. DISPOSITION

Defendant's conviction as to count 2 is reversed. Count 2 is ordered dismissed. The matter is remanded for resentencing. Upon issuance of the remittitur, the superior court clerk is directed to correct the abstract of judgment to reflect defendant's presentence credits of 404 days, including 270 actual days and 134 days of conduct credit as well as the $1,000 fine imposed pursuant to Penal Code section 1202.45. The superior court clerk shall forward a corrected copy of the abstract of judgment to the Department of Corrections. The judgment is affirmed in all other respects.

Grignon, J., and Mosk, J., concurred.

On April 2, 2004, the opinion was modified to read as printed above.

---

*See footnote, *ante*, page 232.