Filed 7/8/13  P. v. Head CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERICK JOEL HEAD,<br><br>    Defendant and Appellant. | F064047<br><br>(Tulare Super. Ct. No. VCF252277)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gerald F. Sevier, Judge.

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

## INTRODUCTION

A jury convicted appellant/defendant Erick Joel Head (defendant) of multiple crimes after he crashed his vehicle while evading police, killing three people. Defendant seeks reversal of his felony evasion convictions. He contends that no substantial evidence supported a common element of those offenses: that the pursuing peace officer's vehicle exhibits "at least one lighted *red* lamp." (See Veh. Code, § 2800.1, subd. (a)(1), bold print and italics added. See also Veh. Code, §§ 2800.3, subd. (b) [referring to § 2800.1] & 2800.2, subd. (a) [referring to § 2800.1].) Respondent concedes that the felony evasion convictions (counts IV, V, VI, and VII) must be reversed. We agree.[1]

## PROCEDURAL BACKGROUND

Defendant was charged with three counts of murder (Pen. Code,[2] § 187, subd. (a); counts I, II and III); three counts of evading a peace officer causing death (Veh. Code, § 2800.3, subd. (b); counts IV, V, and VI); one count of evading a peace officer with willful disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a); count VII) and one count of evading an officer causing injury (Veh. Code, § 2800.3, subd. (a); count VIII). One prior prison term (§ 667.5, subd. (b)) and one prior strike (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) were alleged as to all counts. A prior serious felony conviction enhancement (§ 667(a)(1)) was alleged as to counts I through III. Defendant was convicted by a jury of counts I through VII,[3] and the trial court found

---

[1] Defendant also contends that counts V and VI must be stricken as they pertain to the same actus reus at issue in count IV. Because we reverse the convictions on counts IV through VII, *post*, this contention is moot.

[2] All subsequent statutory references are to the Penal Code unless otherwise noted.

[3] The superior court granted defendant's pretrial motion under section 995 to set aside the remaining count, count VIII.

the enhancements true. Defendant was sentenced to 99 years to life in prison.[4] The trial court "stayed" the one-year term on the prior prison term enhancement.

## FACTS

*First Pursuit - March 30, 2011*

Officer Graciela Parras testified as follows regarding an incident on March 30, 2011. At approximately 1:30 p.m., Officer Parras was in a marked patrol unit equipped with "overhead lights." A white vehicle drove past her with no front license plate. Sometime later, Officer Parras identified defendant as the driver of the white vehicle out of a six-person lineup. Officer Parras made a U-turn and attempted to "catch up" to defendant. She eventually caught up with defendant at a stop light, pulling up directly behind him. Defendant tried to change lanes but could not. When the traffic signal turned green, Officer Parras activated her "overhead emergency lights and siren .…" The vehicle did not stop or pull over, and eventually reached speeds of approximately 70 to 80 miles per hour. Officer Parras ultimately terminated the pursuit because she did not want to endanger the public.

*Second Pursuit – March 31, 2011*

Tulare County Deputy Sheriff Scott Mackey testified to the following. Deputy Mackey was on duty at 9:45 p.m. on March 31, 2011. He was in full uniform driving a marked sheriff patrol vehicle with his K-9 partner, Rocket. Prior to starting his patrol, he checked his "overhead lights" to ensure that they were functioning properly.

Deputy Mackey was driving northbound on Highway 99 when he observed a vehicle make a "sudden" lane change without signaling. Deputy Mackey sped up and

---

[4] Defendant was sentenced to three consecutive 30 years to life prison terms on counts I, II and III, with an additional consecutive five years on count I pursuant to section 667(a)(1). Defendant was sentenced to three 12-year prison terms for counts IV, V and VI, which were stayed pursuant to section 654. Finally, defendant was sentenced to a four-year prison term on count VII.

observed a white SUV pulling a small utility trailer without working lights. The SUV did have functioning lights, but the utility trailer was blocking them. Deputy Mackey decided to make a traffic stop because the vehicle posed a hazard. Deputy Mackey activated his "overhead lights" to let the driver know he was being pulled over. The SUV did not immediately pull over. Rather, the SUV exited the freeway and "ran" multiple stop signs. Eventually, both the SUV and Deputy Mackey reached speeds in excess of 90 miles per hour. As Deputy Mackey and the SUV approached a traffic light at the intersection of Caldwell and Akers, Deputy Mackey observed that the light was red for their direction of travel. Deputy Mackey slowed his vehicle to 30 to 40 miles per hour because of the vehicles and pedestrians in the area. Deputy Mackey's "lights" were still on at this point. The SUV did not slow down as it entered the intersection, and it collided with another vehicle.

Deputy Mackey approached the scene of the collision and observed a subject running from the suspect vehicle. Deputy Mackey gave chase and deployed his K-9 to pursue the subject. The subject surrendered and Deputy Mackey detained him. At trial, Deputy Mackey identified the subject as the defendant.

Respondent and defendant agree that there was no evidence adduced at trial that either Officer Parras's or Deputy Mackey's vehicles exhibited a red lamp during their respective pursuits of defendant.

## ANALYSIS

1. THE ABSENCE OF ANY EVIDENCE THAT THE PURSUING OFFICERS' VEHICLES EXHIBITED AT LEAST ONE LIGHTED RED LAMP COMPELS REVERSAL OF CONVICTIONS ON COUNTS IV THROUGH VII

The parties concur that reversal of defendant's convictions on counts IV, V, VI and VII is required. Under the plain language of Vehicle Code section 2800.1, subdivision (a)(1) and relevant case law, we are compelled to agree.

One element of felony evasion of a peace officer is that the pursuing officer's vehicle exhibit at least one lighted red lamp visible from the front. (Veh. Code, § 2800.1, subd. (a)(1); *People v. Brown* (1989) 216 Cal.App.3d 596, 599.) Evidence that establishes only that the law enforcement vehicle's lights were on, but does not establish whether any of the lights were red, is insufficient to support a conviction. (*People v. Brown, supra*, at p. 600.)

Absent evidence that the officer's vehicle exhibited at least one lighted *red* lamp, the conviction for violating Vehicle Code section 2800.1 must be reversed. (See *People v. Brown, supra*, 216 Cal.App.3d at p. 600; *People v. Acevedo* (2003) 105 Cal.App.4th 195, 197-200.) Any other interpretation would render the use of the word "red" meaningless, violating the principle that, "when interpreting a statute, significance should be given to every word … where possible." (*People v. Sanders* (2012) 55 Cal.4th 731, 739.)[5]

2. THE "STAYED" PRIOR PRISON TERM ENHANCEMENT (§667.5, subd. (b)) MUST BE STRICKEN

The respondent's brief notes that the court's purported "stay" of the consecutive one-year prior prison term (§ 667.5, subd. (b)) was error. We agree. "Prior prison term enhancements may be imposed or stricken but not stayed. [Citations.]" (*People v.*

---

[5] As *Acevedo* notes, the Legislature might find it appropriate to amend Vehicle Code section 2800.1, subdivision (a)(1) to cover cases where there was evidence defendant knew he was being pursued by police. (See, *People v. Acevedo*, supra, 105 Cal.App.4th at p. 200.) For example, instead of requiring both a sounding siren and a lighted red lamp (see Veh. Code, § 2800.1, subd.(a)(1)-(2)), the subdivision could require a sounding siren and a lighted lamp of any color. But, as currently enacted, the statute requires prosecutors to prove that the peace officer's vehicle is exhibiting "at least one lighted red lamp visible from the front." (Veh. Code, § 2800.1, subd.(a)(1). See also *People v. Brown*, supra, 216 Cal.App.3d at p. 600, fn. 6 [requirement that lamp be red is unambiguous].) Having determined the plain meaning of the unambiguous provision, our job is at an end. (See *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1250 ["If the statutory language is clear and unambiguous our inquiry ends."].)

*Jordan* (2003) 108 Cal.App.4th 349, 368.)  Because a prior serious felony enhancement (§ 667, subd. (a)(1)) had already been imposed for the same offense,[6] the prior prison term enhancement (§ 667.5, subd. (b)) should have been stricken.  (See, generally, *People v. Jones* (1993) 5 Cal.4th 1142.)[7]

"The failure to impose or strike an enhancement is a legally unauthorized sentence.… [Citations.]"  (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)  Such a sentence is subject to correction when it comes to the attention of a reviewing court.  (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256, citing *People v. Cunningham* (2001) 25 Cal.4th 926, 1044-1045.)  Therefore, we will strike the "stayed" section 667.5 subdivision (b) enhancement.

## DISPOSITION

The judgment is reversed only as to defendant's conviction on counts IV, V, VI and VII.  The "stayed" one-year prior prison term enhancement (§ 667.5, subd. (b)) is stricken.  In all other respects, the judgment is affirmed as modified.  The matter is remanded to the trial court to amend the abstract of judgment accordingly, and to transmit certified copies of the amended abstract to all appropriate parties and entities.

---

[6] The information identifies the basis for the prior serious felony enhancement as a July 18, 2006, conviction for burglary.  The information identifies the basis for the prior prison term enhancement to be an April 15, 2011, conviction for "VOP" (presumably, violation of parole or probation.)  Though the information is confusing, the record is clear that both defendant's trial counsel and the prosecutor agreed that the same prior conviction was the basis for both the section 667, subdivision (a)(1) and section 667.5, subdivision (b) enhancements to count I.  Moreover, at the conclusion of the bifurcated enhancement trial, the trial court identified the burglary-related prison term (not a parole/probation violation prison term) as its basis for finding the prior prison term allegation to be true.

[7] The prosecutor and defendant's trial counsel agreed that the trial court could not impose the one-year sentence enhancement [prosecutor indicating one-year enhancement could not be stayed; defense counsel indicating "one year enhancement would have to be dismissed or stayed."])