Filed 6/7/16  P. v. Sanchez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CECILY RENEE SANCHEZ,<br><br>Defendant and Appellant. | B263066<br><br>(Los Angeles County<br>Super. Ct. No. GA088090) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Cathryn F. Brougham, Judge.  Reversed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Cecily Renee Sanchez was charged with three felonies: assault with a deadly weapon, an automobile (Pen. Code, § 245, subd. (a)(1)) (count 1); assault upon a peace officer with a deadly weapon (Pen. Code, § 245, subd. (c)) (count 2); and evading an officer with willful and wanton disregard (Veh. Code, § 2800.2, subd. (a)) (count 3).

The jury deadlocked on counts 1 and 2, and the trial court declared a mistrial on those counts, which were later dismissed after the prosecution indicated it was unable to proceed on them. The jury found appellant guilty on count 3, which the court later reduced to a misdemeanor over the prosecutor's objection. Appellant was placed on summary probation for three years on condition that she serve 180 days in jail.

Appellant contends there was insufficient evidence to support the jury's verdict on count 3 and asks us to conduct an independent review under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). We find no *Pitchess* error. However, we find that the prosecution did not prove all of the elements of count 3 because there was no evidence that the pursuing officer's motor vehicle was exhibiting a lighted red lamp visible from the front. We therefore reverse the judgment on count 3.

## FACTS

**Prosecution Case**

On October 6, 2012, shortly after 7:00 p.m., the Monterey Park Police Department began receiving calls about a fight with shots fired and a man down at the Shakey's Pizza Parlor on Atlantic Boulevard. Officers Jeffrey Sanchez, Timothy Wisniewski, and Rudy Contreras responded to the scene. The parking lot was chaotic, with people running and screaming. Officer Sanchez saw four Hispanic men fighting in the parking lot. When he approached and ordered them to lie on the ground, two of the men ignored him and started walking away.

Seconds later, appellant, who was driving a black Honda Civic, stopped the car between Officer Sanchez and the two men. One of the men, who was appellant's boyfriend, got into the Honda's rear seat. Officer Sanchez yelled "stop" at the car half a dozen times. But appellant drove quickly through the parking lot. Officer Sanchez lost sight of the car.

2

Officer Wisniewski then saw Officer Contreras in the parking lot. Officer Contreras was in uniform and in a "marked black and white police vehicle." Officer Wisniewski ran up to him and pointed out the fleeing Honda. Officer Contreras immediately "turned on his emergency lights and siren" and pursued appellant through the parking lot to Atlantic Boulevard.

When appellant drove onto Atlantic Boulevard, the Honda's tires squealed. Officer Contreras followed the Honda in his police vehicle. Appellant did not come to a stop until Officer Wisniewski, who was standing in the road facing the Honda, fired a low shot at the car's radiator after commanding it to stop.

**Defense Case**

On the day of the incident, appellant attended a series of football games with her toddler son and other family members. They went to Shakey's after the games. A chaotic fight broke out. Everyone was scared, yelling and running toward their cars. Appellant went outside and found her son. She got into the Honda that belonged to her father's girlfriend. Appellant was at the wheel and her sister was in the backseat holding appellant's son, who was crying continuously.

A friend of the victim ran up to appellant's group with his hand under his shirt near his waist, as if holding something. Appellant's boyfriend, joined by the father of her son, ran toward the man. Appellant was scared. Then her boyfriend ran back toward her and got in the car.

When appellant turned onto Atlantic Boulevard, her tires did not squeal. Appellant did not hear any sirens and did not know the police were behind her; she never looked in her rearview mirror.

A few seconds later, an officer in a dark uniform ran out of the parking lot with a shotgun. Without pausing in the street, the officer fired the shotgun at appellant's car. Appellant stopped abruptly. When the man yelled, "Put your hands up," she realized he was a police officer. She never saw police officers at various points around the parking lot.

## DISCUSSION

### I. *Pitchess* Motion

Prior to trial, appellant moved for discovery of the police personnel records of Officers Sanchez, Wisniewski, and Contreras. Appellant sought "discovery related to said officers' truthfulness, veracity, history of prior false reports, lying, perjury, and acts of moral turpitude, and prior instances of complaints of excessive use of force in order to effectively impeach the officers." The trial court granted the motion on the "issues of truth, veracity, fabrication, for the five-year period."

On February 11, 2014, the trial court conducted an in camera review. Following the review, the court stated, "There's no discoverable information other than this particular incident in question, so it would be [appellant]'s information."

A second in camera hearing took place on April 30, 2014, after which the trial court gave two documents to defense counsel.

Appellant now asks this court to independently review the sealed reporter's transcripts of the in camera hearings to determine whether any relevant police personnel records were withheld. The People have no objection. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1229–1232 [defendant has a right to appellate review of the trial court's determination of whether all relevant police personnel records were disclosed in response to a *Pitchess* motion].) "Trial courts are granted wide discretion when ruling on motions to discover police officer personnel records." (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.)

We have reviewed the sealed transcripts of the in camera hearings on appellant's *Pitchess* motion. We find no abuse of discretion by the trial court.

### II. Substantial Evidence

Initially, we note that to prevail on a sufficiency of the evidence argument, appellant must present her case to us consistent with the substantial evidence standard of review. This means she must set forth in her opening brief all of the material evidence on the disputed elements of the crime in the light most favorable to the People, and then must persuade us that this evidence cannot reasonably support the jury's verdict. (See

*People v. Dougherty* (1982) 138 Cal.App.3d 278, 282; *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1574.)  Appellant has failed to meet her required burden on appeal.  Her rendition of the facts is incomplete and wholly one-sided in her favor.  Indeed, in setting forth the prosecution's case, she fails to even mention that she was driving the Honda.  We are sorely tempted to find that appellant has forfeited her substantial evidence challenge.  We nevertheless address the merits because we agree with appellant that the prosecution failed to prove all of the elements of count 3.

Count 3 charged appellant with violating Vehicle Code section 2800.2, which makes it a crime to flee from or attempt to elude a peace officer, as described in Vehicle Code section 2800.1, while driving in a willful or wanton disregard for the safety of persons or property.  Vehicle section 2800.1, subdivision (a) provides:  "Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty . . . *if all of the following conditions exist*:  [¶]  (1) The peace officer's motor vehicle is exhibiting at least *one lighted red lamp visible from the front* and the person either sees or reasonably should have seen the lamp.  [¶]  (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.  [¶]  (3) The peace officer's motor vehicle is distinctively marked.  [¶]  (4) The peace officer's motor vehicle is operated by a peace officer, . . . and that peace officer is wearing a distinctive uniform."  (Italics added.)

Here, there was no evidence that Officer Contreras's pursuing vehicle had a lighted *red* lamp visible from the front.  The testimony presented was simply that he activated his "emergency lights and siren."  The People argue that "when Officer Contreras testified that he activated his lights and siren, it was inferable as a matter of the juror's common experience that the lights included a red, forward-facing lamp."  The People do not tell us, however, that this argument was made in *People v. Oliver* (2006) 124 Cal.App.4th 624, 631, and that our Supreme Court specifically rejected it by ordering *People v. Oliver* depublished and then dismissing the appeal in light of *People v. Hudson* (2006) 38 Cal.4th 1002.)  The *Hudson* court found that because Vehicle Code section 2800.2 states that "*if all of the following conditions exist*," the statute therefore "requires

5

four distinct elements, each of which must be present:  (1) a red light, (2) a siren, (3) a distinctively marked vehicle, and (4) a peace officer in a distinctive uniform." (*People v. Hudson, supra,* at pp. 1007–1008.)  Indeed, prior cases specifically found that the evidence must establish the color of the lights.  (See *People v. Acevedo* (2003) 105 Cal.App.4th 195, 198–200; *People v. Brown* (1989) 216 Cal.App.3d 596, 599–600.)

Because the prosecutor failed to prove the required element that the activated lights were red, the conviction on Vehicle Code section 2800.2 cannot stand.

## DISPOSITION

The judgment of conviction on count 3 for violating Vehicle Code section 2800.2 is reversed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ

6