64 Cal.App.4th 485 (1998)
THE PEOPLE, Plaintiff and Respondent,
v.
GERALD JAY MATHEWS, Defendant and Appellant.
Docket No. C025765.
Court of Appeals of California, Third District.
June 2, 1998.
*486 COUNSEL
Matthew H. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.
*487 Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.
[Opinion certified for partial publication.[*]]
OPINION
RAYE, J.
A jury convicted defendant Gerald Jay Mathews of unlawfully driving a car without consent of the owner (Veh. Code, § 10851, subd. (a)), receiving stolen property (Pen. Code, § 496, subd. (a)), and evading a police officer while driving recklessly (Veh. Code, § 2800.2). The trial court thereafter found true the allegations defendant had served five prior prison terms within the meaning of Penal Code section 667.5, subdivision (b), and that three of those priors were also strikes. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) Defendant was sentenced to a total prison term of 55 years to life, consisting of consecutive terms of 25 years to life for the receiving stolen property and evading arrest convictions, plus 5 one-year enhancements for the prior prison terms, with the term for receiving stolen property stayed pursuant to Penal Code section 654. (Pen. Code, § 667, subd. (b).)
Defendant makes the following contentions: 1) there was insufficient evidence to support the conviction of evading a police officer; 2) the trial court erred in instructing the jury on what constitutes a "distinctively marked" vehicle or a "distinctive" police uniform; 3) defendant was improperly convicted of receiving stolen property he was also convicted of having stolen; and 4) the three strikes law as applied amounts to "cruel and unusual punishment." We shall reverse the judgment of conviction for evading a police officer (Veh. Code, § 2800.2), and affirm the judgment in all other respects.

FACTS
Scott Roper parked his burgundy-colored Mazda outside his apartment one evening, and discovered it missing the next morning. He notified the sheriff's department the car had been stolen.
That afternoon, Police Officer Keith Jensen saw appellant driving the burgundy car; he was unaware the car had been stolen, but noticed it because the driver was performing unique backing maneuvers. Jensen was driving an unmarked police vehicle equipped with a siren, a red light mounted on the front dashboard, and headlights which flashed in an alternating, "wigwag" pattern. He was dressed in civilian clothes, but was wearing at waist level a police department issued badge, a gun and gun belt.
*488 Jensen began to follow the car, and when he observed it speeding, activated the siren and red light and caused his headlights to flash in a "wigwag" pattern. Jensen followed as closely as one car length. Defendant continued to speed, running a red light, "fishtailing," and sometimes driving on the wrong side of a street into oncoming traffic. At one point defendant pulled into a parking lot and looked back at Jensen, then sped away again. Defendant eventually lost control of the car and skidded to a stop on the lawn in front of Roper's apartment complex. When the car came to a stop, defendant got out of the car and ran. Jensen ordered him to stop, but defendant jumped over a fence and briefly escaped. Jensen had radioed dispatch during the pursuit, and uniformed officers in a marked, black-and-white vehicle arrived. Defendant was found hiding under a table. Jensen detained defendant's female passenger, who was wearing Roper's jacket. Additional facts are discussed below.

DISCUSSION

I.
Vehicle Code section 2800.2 prohibits fleeing or attempting to elude "a pursuing peace officer in violation of Section 2800.1" where the pursued vehicle is driven recklessly. (Veh. Code, § 2800.2, subd. (a).) Section 2800.2 thus incorporates Vehicle Code section 2800.1, subdivision (a), which provides: "(a) Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor if all of the following conditions exist: [¶] (1) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp. [¶] (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary. [¶] (3) The peace officer's motor vehicle is distinctively marked. [¶] (4) The peace officer's motor vehicle is operated by a peace officer... and that peace officer is wearing a distinctive uniform."
(1a) Defendant first contends there was insufficient evidence Officer Jensen's police vehicle was "distinctively marked," because it had fewer distinctive marks than the vehicle found sufficiently marked in People v. Estrella (1995) 31 Cal. App.4th 716 [37 Cal. Rptr.2d 383]. Similarly, he contends the trial court erred in instructing the jury pursuant to Estrella that a police vehicle need not bear a logo or insignia to be distinctively marked.[1] In Estrella, the court rejected the contention a police car had to have a *489 visible insignia or logo, finding a vehicle is "distinctively marked" within the meaning of section 2800.1 "if it bears a symbol or device that identifies it as a peace officer's vehicle." (31 Cal. App.4th at pp. 722-723.) Defendant urges this court to disagree with that holding, reasoning that a "typical" police car is distinctively painted and bears an insignia or logo, and therefore was "the type of vehicle the legislature had in mind."
Defendant also seeks to distinguish Estrella because it involved a larger, three-color light bar permanently affixed near the passenger sun visor, instead of the somewhat smaller red light affixed with "Velcro" to the dashboard. The Estrella court found that a red light and siren alone were not sufficiently distinctive markings, because those items are required by Vehicle Code section 2800.1, subdivision (a)(1) and (2), indicating the distinctive-marking requirement of subdivision (a)(3) means something more. (People v. Estrella, supra, 31 Cal. App.4th at p. 723 and fn. 4 [postulating the additional marking requirement was to protect people from being victimized by someone using a red light and siren to pull cars over].) However, the court found the red light and siren coupled with "wigwag" headlights and flashing blue and clear lights sufficiently marked the vehicle for purposes of the statute. (Id. at p. 723.)
In considering "the indicia identified with the pursuit vehicle which are supplemental to a red light and siren," the Estrella court adopted a "commonsense" approach to determine "whether a person fleeing is on reasonable notice that pursuit is by a peace officer. Stated somewhat differently, under section 2800.1, does the person know or reasonably should know that a police vehicle is in pursuit?" (31 Cal. App.4th at p. 723.)
We find the logic of Estrella to be sound. As to defendant's contention the Legislature intended to require distinctively painted vehicles, legislative history reveals the opposite. Section 2800.1 originally contained a requirement that the officer's vehicle be "painted a distinctive color," but that requirement was eliminated one year later. (Stats. 1977, ch. 1104, § 1, p. 3527; Stats. 1978, ch. 504, § 1, p. 1649.) Moreover, there is no express statutory requirement of a logo or insignia, and since pursuits may occur at night or in other low-visibility conditions, light or sound-emitting devices may also serve to identify law enforcement vehicles. Had the Legislature intended to specify logos, insignia, light sizes or other particulars, it could have done so.
(2) We will not insert words which would, in effect, add a provision to the statute. (See People v. Superior Court (Perez) (1995) 38 Cal. App.4th *490 347, 357 [45 Cal. Rptr.2d 107].) Nor may we rewrite a statute to conform to an intent not apparent in its plain language. (Ibid.) (1b) Instead, we adopt the commonsense approach of Estrella and conclude that red lights, siren, and wigwag headlights were sufficiently distinctive markings to inform any reasonable person he was being pursued by a law enforcement vehicle. (See People v. Estrella, supra, 31 Cal. App.4th at p. 723.) Since we consider Estrella to be correctly decided on this issue, we find no error in the trial court's instruction on this point.

II.
Defendant next contends that unlike Estrella, there was insufficient evidence Officer Jensen wore a "distinctive uniform." (Veh. Code § 2800.1, subd. (a)(4).) We agree.
(3) In determining whether a badge constitutes a "uniform," we should keep in mind that, "`"[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. [¶] The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute."'" (People v. Garfield (1985) 40 Cal.3d 192, 200 [219 Cal. Rptr. 196, 707 P.2d 258], quoting People v. Davis (1981) 29 Cal.3d 814, 828 [176 Cal. Rptr. 521, 633 P.2d 186].)
(1c) The Estrella court noted that a "uniform" is a "dress of a distinctive design or fashion adopted by or prescribed for members of a particular group and serving as a means of identification." (31 Cal. App.4th at p. 724, citing Webster's New Internat. Dict. (3d ed. 1986) p. 2498.) A uniform "is distinctive if it serves to distinguish, or sets something apart from others, or if it is characteristic of or peculiar to its type." (31 Cal. App.4th at p. 724, citing Webster's New Internat. Dict., supra, p. 695.) Thus, a law enforcement officer's "distinctive uniform" is the clothing prescribed for or adopted by a law enforcement agency which serves to identify or distinguish members of its force.
In Estrella, the officers were in plain clothes, but during the pursuit, one officer put on a gun belt and a bulletproof vest with a covering that bore the word "Police"; another officer had on a police department vest with a cloth badge and a baseball cap with the word "Police" on it in bright lettering. (People v. Estrella, supra, 31 Cal. App.4th at pp. 719, 724.) The Estrella court found the vests and cap "qualif[ied] as parts of police uniforms." (Id. at p. 724.)
*491 As Estrella noted, the statute does not specify a uniform must be of any degree of formality or completeness, stating, "the word `Police' and a badge are distinctive ways of identifying the wearers as police." (31 Cal. App.4th at p. 724.) However, a badge is not an article of clothing, and while it may help to distinguish a law enforcement officer, it does not constitute a "distinctive uniform." Since the officer here was in plain clothes, with only a badge to identify himself as a police officer, he was not wearing a "distinctive uniform" as required by Vehicle Code section 2800.1. There is thus insufficient evidence to support a conviction for evading a police officer, and that conviction must be reversed. (Veh. Code, § 2800.2.)
Because principles of double jeopardy bar retrial for this offense, we do not address defendant's contentions that a distinctive uniform must also be reasonably visible, and that the trial court erred in instructing on this issue. (See People v. Superior Court (Marks) (1991) 1 Cal.4th 56, 72 [2 Cal. Rptr.2d 389, 820 P.2d 613]; People v. Hill (1997) 58 Cal. App.4th 1078, 1091-1092, fn. 11 [68 Cal. Rptr.2d 375].)

III., IV.[*]
.... .... .... .... .... .... .... .

DISPOSITION
The judgment of conviction for evading a police officer (Veh. Code, § 2800.2) is reversed. In all other respects, the judgment is affirmed. The trial court is directed to correct the abstract of judgment and to forward a copy thereof to the Department of Corrections.
Puglia, P.J., and Sims, J., concurred.
Appellant's petition for review by the Supreme Court was denied September 16, 1998.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III. and IV.
[1] The jury was instructed in relevant part as follows: "A peace officer's motor vehicle is distinctively marked when it bears a symbol or device that identifies it as a peace officer's car. Such a symbol, however, is not required. [¶] The test is whether the person knows or reasonably should know that a police vehicle is in pursuit under the circumstances although a red light and siren do not distinctively mark a police car."
[*] See footnote, ante, page 485.