Filed 5/8/15  P. v. Ramos CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B259754 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA087546) |
| v. | |
| EDWARDO RAMOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Edwardo Ramos appeals from a judgment of conviction for evading an officer (Veh. Code, § 2800.2, subd. (a))[1] and driving under the influence (§ 23152, subd. (e)). Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. Appellant filed a supplemental brief. We have reviewed the entire record and have considered appellant's supplemental brief. We find no arguable issue and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case. The information charged appellant with (1) one count of felony evading an officer with willful or wanton disregard for the safety of persons or property, and (2) one count of driving while under the influence of a drug. It also charged that appellant had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

The evidence at trial showed as follows. On May 30, 2014, Officer Daniel Diaz of the Santa Monica Police Department was on patrol in his marked police vehicle and was wearing his police uniform. At approximately 8:45 p.m., the officer observed appellant driving strangely. Appellant made a right turn into oncoming traffic and then reversed and proceeded in the other direction. He then made a U-turn in front of oncoming traffic, and the oncoming cars stopped to avoid colliding into him. He approached an intersection and drove through a red light. He veered into the bicycle lane and almost hit a cyclist. Officer Diaz was following appellant at this point and activated the forward-facing red and blue lights on the police vehicle. Appellant made another turn into oncoming traffic and on the wrong side of the road. He drove over the concrete center median and sped up to approximately 50 miles per hour. At this point, Officer Diaz activated his full rotator lights with sirens. Appellant continued on and ran through

---

[1]     Further undesignated statutory references are to the Vehicle Code unless otherwise noted.

another red light. He entered another intersection, drove through the crosswalk, and stopped. There were three other police units behind Officer Diaz, all marked black and white police vehicles. Officer Diaz ordered appellant to throw his keys out of the window. Appellant instead made a waving motion with his hand and then sped off down the street again. He ran through a stop sign and made a right turn at a speed of approximately 60 miles per hour. Appellant turned off his headlights, ran through another stop sign, and ran through yet another red light. As he continued driving, he again veered into the bicycle lane, drove over the center median, drove on the wrong side of the road, and drove through another stop sign. He finally brought his vehicle to a stop near the police station. He got out of his vehicle and lay down on the ground on the officer's orders.

When Officer Diaz approached appellant, he appeared to be in an "altered state." He was sweating and appeared to have a very dry mouth. Appellant was also making nonsensical statements. He told the officer, "It's the end of the world." Appellant told the officers at the station that he took two prescription Norco pills two hours before driving. Appellant's urine sample tested positive for amphetamine and methamphetamine.

The jury also heard evidence relating to the alleged prior prison terms. In case No. SA063177, appellant was convicted of violations of the Health and Safety Code in July 2007. He was sentenced to three years in state prison and paroled in 2008. In case No. SA078756, he was convicted of possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1)) in April 2012. He was sentenced to 16 months in state prison and discharged in September 2012.

The jury convicted appellant of both substantive charges and found true the allegations of two prior prison terms. The court sentenced appellant to the high term of three years in state prison for felony evading an officer, plus another two years for the prior prison terms enhancement. On the driving under the influence count, the court sentenced him to a concurrent term of six months imprisonment.

3

## DISCUSSION

We appointed counsel to represent appellant on this appeal. As noted above, appellant's counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. Appellant was advised of his right to submit any contentions or issues that he wished us to consider. Appellant filed a supplemental brief raising two contentions.

First, appellant contends the prosecution did not prove his guilt beyond a reasonable doubt because it did not show (1) he went over 90 miles per hour; (2) someone was either hurt, injured, or killed during the police pursuit; and (3) property was destroyed or damaged during the pursuit. Felony evading an officer under section 2800.2 requires the prosecution to prove that the police car was distinctively marked, was sounding a siren as may be reasonably necessary, was exhibiting a lighted red lamp visible from the front that the defendant either saw or reasonably should have seen, and was operated by an officer wearing a distinctive uniform. (§§ 2800.1, subd. (a), 2800.2, subd. (a); *People v. Acevedo* (2003) 105 Cal.App.4th 195, 197; *People v. Mathews* (1998) 64 Cal.App.4th 485, 488.) In addition, the prosecution must prove the defendant acted with "willful or wanton disregard for the safety of persons or property." (§ 2800.2, subd. (a).) This willful or wanton disregard may be established by showing the defendant committed three or more Vehicle Code violations while evading arrest. (§ 2800.2, subd. (b).) There was substantial evidence establishing each of these elements. The offense does not require a speed of over 90 miles per hour or *actual* injury to persons or property, as appellant argues.

Second, appellant contends he wanted a video expert but his trial attorney would not request one. Presumably, defendant wanted a video expert to testify about video from the dashboard cameras in the police vehicles, which the prosecutor showed to the jury. To the extent appellant is claiming ineffective assistance of counsel, his claim lacks merit. We "indulge in a presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. [Appellant] thus bears the burden of

4

establishing constitutionally inadequate assistance of counsel. [Citation.] If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation." (*People v. Gray* (2005) 37 Cal.4th 168, 207.) Appellant must also persuade us that counsel's omission resulted in prejudice. (*Id*. at p. 209.) Appellant does not explain what a video expert could have done to challenge the prosecution's video evidence or why one was necessary such that the failure to get one constituted incompetence. Even if the video was challenged, Officer Diaz and other officers involved in the chase provided testimony of what they observed independent from the video. Thus, even without the video evidence, there was substantial evidence to support appellant's conviction. Appellant has not shown either ineffective assistance or prejudice.

Having examined the entire record and appellant's contentions, we are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; *People v. Kelly, supra*, 40 Cal.4th at pp. 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.                    RUBIN, J.

5