Opinion
DUARTE, J.
—A jury found defendant Dywon Levell Byrd guilty of first degree murder (Pen. Code, § 187, subd. (a); count 1) and driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing police officer (Veh. Code, § 2800.2, subd. (a); count 3).[1] The jury found true the special allegation that defendant used a firearm in committing first degree murder. (Pen. Code, former § 12022.53, subd. (b).)[2] The trial court sentenced defendant to 25 years to life for first degree murder, a consecutive 25-years-to-life sentence on the firearm allegation, plus a consecutive two-year sentence for driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing police officer.
On appeal, defendant contends the trial court erred in instructing the jury with the last bracketed paragraph of CALCRIM No. 226. He further contends that his conviction for violating section 2800.2 is not supported by substantial evidence because there was no proof that either of the pursuing officers wore a distinctive uniform. As we will explain in the published portion of our opinion, we agree with the latter contention. We will reverse count 3 (§ 2800.2, subd. (a)) and order it dismissed. We affirm the judgment in all other respects.
BACKGROUND
At around midnight on December 7, 2011, Sacramento Police Officer Robert Hamm was dispatched to a residence on Samos Way in response to a report of a shooting. When he arrived at the residence, he observed two *1222 vehicles parked in the driveway, one of which had its engine running. Inside that vehicle was the victim, who had been shot in the neck.
On the same night at approximately 12:10 a.m., Sacramento Police Officers Carl Chan and David DeLeon were on patrol in a fully marked traditional black-and-white police car near Samos Way when they observed a silver sport utility vehicle (SUV) driving without its headlights on. The SUV did a “burn out” and accelerated at a high rate of speed away from the officers. Officer DeLeon activated the patrol car’s emergency overhead red and blue lights and attempted to initiate a traffic stop. The SUV initially slowed and started to yield but then suddenly accelerated and drove off. Officer DeLeon activated the patrol car’s siren and a high-speed pursuit ensued, ending when the driver, later determined to be defendant, stopped his vehicle and fled on foot. A perimeter was established by law enforcement officers, and defendant was apprehended and arrested several hours later. We will supply the relevant details of the evading conviction in part II of the Discussion, post.
DISCUSSION
I

CALCRIM No. 226

*

II

Sufficiency of the Evidence

Defendant contends that his conviction for violating section 2800.2 is not supported by substantial evidence because there was no proof that either of the pursuing officers wore a distinctive uniform. We agree, because no evidence was presented, by either party, to support this essential element of the offense.

Applicable Law

A person violates section 2800.2 if he “flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property.” (§ 2800.2, subd. (a).) Section 2800.1 provides that a person *1223 operating a motor vehicle is guilty of fleeing or attempting to elude a pursuing peace officer’s motor vehicle if all of the following conditions exist: (1) the peace officer’s motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp; (2) the peace officer’s motor vehicle is sounding a siren as may be reasonably necessary; (3) the peace officer’s motor vehicle is distinctively marked; and (4) the peace officer’s motor vehicle is operated by a peace officer, and that peace officer is wearing a distinctive uniform. (§ 2800.1, subd. (a), italics added.) “Thus, the statute requires four distinct elements, each of which must be present: (1) a red light, (2) a siren, (3) a distinctively marked vehicle, and (4) a peace officer in a distinctive uniform.” (People v. Hudson (2006) 38 Cal.4th 1002, 1008 [44 Cal.Rptr.3d 632, 136 P.3d 168] (Hudson).) The prosecution must prove each element beyond a reasonable doubt. (People v. Acevedo (2003) 105 Cal.App.4th 195, 197-198 [129 Cal.Rptr.2d 270].)
For purposes of section 2800.2, “a law enforcement officer’s ‘distinctive uniform’ is the clothing prescribed for or adopted by a law enforcement agency which serves to identify or distinguish members of its force.” (People v. Mathews (1998) 64 Cal.App.4th 485, 490 [75 Cal.Rptr.2d 289].) “The statute does not require that the uniform be of any particular level of formality or that it be complete.” (People v. Estrella (1995) 31 Cal.App.4th 716, 724 [37 Cal.Rptr.2d 383].) Nor does the statute require that the person eluding capture actually see that the police officer is wearing a distinctive uniform. (Ibid.)
To assess the sufficiency of the evidence, we review the whole record to determine whether it discloses substantial evidence to support the verdict— i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (People v. Maury (2003) 30 Cal.4th 342, 396 [133 Cal.Rptr.2d 561, 68 P.3d 1].) “The standard is the same, regardless of whether the prosecution relies mainly on direct or circumstantial evidence. [Citation.]” (People v. Vazquez (2009) 178 Cal.App.4th 347, 352 [100 Cal.Rptr.3d 351].) In applying the standard, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. (People v. Boyer (2006) 38 Cal.4th 412, 480 [42 Cal.Rptr.3d 677, 133 P.3d 581].) “ ‘[I]f the circumstances reasonably justify the jury’s findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding.’ [Citation.] We do not reweigh evidence or reevaluate a witness’s credibility. [Citation.]” (People v. Guerra (2006) 37 Cal.4th 1067, 1129 [40 Cal.Rptr.3d 118, 129 P.3d 321].)
*1224 The officers testified that they were assigned to the patrol unit of the Sacramento Police Department, which involved basic patrol duties such as responding to calls for service and performing proactive policing. The officers were on patrol in a fully marked traditional black-and-white police car, and the car’s siren and emergency overhead red and blue fights were activated during the pursuit of defendant. At trial, defendant admitted that he saw the patrol car behind him with its fights on, and that he made a conscious decision to flee from the police. However, no direct evidence was presented at trial demonstrating that either officer was wearing a distinctive uniform. None of the witnesses at trial testified as to the officers’ attire, nor is there any other evidence in the record about the officers’ attire.
The People cursorily argue only that the jury could have reasonably inferred that the officers wore a distinctive uniform because they were assigned to the patrol unit and were on patrol in a marked police vehicle at the time of the pursuit, and because defendant admitted to knowing the police were chasing him. However, they point to no actual evidence that either officer wore a distinctive uniform within the meaning of section 2800.1. We see no such evidence in the record. Nor do they cite any authority for the argument that such an inference is even potentially proper.
The fact that the officers were assigned to the patrol unit and were in a patrol car at the time of the pursuit is not sufficient to prove that either officer was wearing a police uniform or other distinctive police attire. To infer evidence of a distinctive uniform rather than plainclothes or another less-than-distinctive outfit from the evidence in the record before us would be pure speculation. (See People v. Shakhvaladyan (2004) 117 Cal.App.4th 232, 238 [11 Cal.Rptr.3d 590] [reversing conviction under § 2800.2 because the record “did not include any reference to the fact that . . . [the officer] wore a distinctive uniform”], disapproved on other grounds in Hudson, supra, 38 Cal.4th at pp. 1009-1011, fn. 3.)
The People do not provide any authority in support of their brief argument that we should look to proof introduced to satisfy the other elements (that these were peace officers on patrol in a marked car) as a substitute for proof satisfying the distinctive uniform requirement, and we are aware of none. In Hudson, our Supreme Court concluded that, in order for a peace officer’s vehicle to be distinctively marked within the meaning of section 2800.1, its outward appearance during the pursuit must include, in addition to the separate statutory requirements of a red light and a siren, one or more features that are reasonably visible to other drivers and distinguish it from vehicles not used for law enforcement so as to give notice to the person being pursued that the pursuit is by the police. (Hudson, supra, 38 Cal.4th at pp. 1010-1011.) In so concluding, Hudson disapproved People v. Chicanti *1225 (1999) 71 Cal.App.4th 956 [84 Cal.Rptr.2d 1], and People v. Shakhvaladyan, supra, 117 Cal.App.4th 232, both of which held that a red light and a siren could be considered along with the totality of the circumstances in determining whether a pursuing police vehicle is distinctively marked. (Hudson, at pp. 1009-1011, fn. 3.) The court explained, “[I]n determining whether the pursuing police vehicle is distinctively marked, a jury may consider only the distinguishing features of the vehicle itself that are reasonably visible to other drivers and serve to distinguish the vehicle from vehicles not used in law enforcement.” (Id. at p. 1014.)
Similarly, in the instant case—like the cases disapproved by Hudson—the People ask us to conclude that the proof supporting the unrelated elements of evading was sufficient to support the element requiring them to prove at least one of the officers wore a distinctive uniform. This we cannot do. Nor may we conclude, as does our dissenting colleague, that defendant admitted to evading the police as defined by sections 2800.1 and 2800.2 from his testimony on the witness stand that he knew the police were following him. The statute does not require that either defendant actually knew of the police officers’ presence in pursuit or that the pursuit met the requirements listed in section 2800.1. Rather, “the statute requires four distinct elements, each of which must be present: (1) a red light, (2) a siren, (3) a distinctively marked vehicle, and (4) a peace officer in a distinctive uniform.” (Hudson, supra, 38 Cal.4th at p. 1008, italics added.) Whether we consider it reasonable or not, if the pursuing officers were for any reason wearing plainclothes and belt badges, defendant would not be in violation of section 2800.2 regardless of his admissions on the witness stand. (See People v. Mathews, supra, 64 Cal.App.4th at p. 491 [plainclothes officer wearing badge not in a distinctive uniform as required by § 2800.1; § 2800.2 conviction accordingly reversed].) Here, we simply do not know what the police officers were wearing.
We thus are compelled to conclude that despite defendant’s admission under oath of actual knowledge as to the identity of his pursuers as law enforcement officers, because the prosecutor neglected to ask a single, simple question to elicit evidence of the officers’ attire and there is no evidence otherwise in the record that the officers were wearing distinctive uniforms, defendant’s conviction cannot stand. Although our conclusion may seem bewildering to some, any remedy lies “ ‘on the other side of Tenth Street, in the halls of the Legislature.’ ” (Siskiyou County Farm Bureau v. Department of Fish & Wildlife (2014) 237 Cal.App.4th 411, 420-421 [188 Cal.Rptr.3d 141].)
*1226 Given the complete lack of evidence regarding the officers’ attire during the pursuit or even at any point during the relevant time period, we conclude that the prosecution failed to meet its burden of proof on the distinctive uniform element.[4]
DISPOSITION
The judgment of conviction for count 3 (§ 2800.2) is reversed and count 3 is ordered dismissed. The judgment is affirmed in all other respects. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.
Nicholson, Acting P. J., concurred.

 Further undesignated statutory references are to the Vehicle Code.

 The jury acquitted defendant of count 2, attempted murder.

See footnote, ante, page 1219.

 Although we disagree with the dissent’s conclusion that defense counsel effectively conceded that his client was guilty of evading, certainly to the degree that would permit the People to secure defendant’s conviction despite having failed to prove an essential element of the crime they themselves chose to charge, we cannot help but agree that many balls were dropped here, by both the prosecutor and defense counsel. Both appear to have completely forgotten about the evading charge at trial. This lack of care at earlier stages of this case has resulted in the expenditure of time and resources on appeal that would not have been necessary had the parties paid more attention to all aspects of this case at trial.